SAVOY, Judge.
This is an action in tort brought by plaintiff, C. C. Boothe, against Pat Ray Barron for injuries resulting from a battery inflicted upon plaintiff by the said defendant.
The lower court granted plaintiff judgment in the sum of $500. Defendant has appealed from the ruling of the district court. Plaintiff has neither appealed nor answered the appeal.
Subsequent to the filing of this suit, plaintiff obtained permission from the Legislature of Louisiana to file suit against the *622 State of Louisiana through the Louisiana Wildlife and Fisheries Commission on the basis that the defendant was an employee of said commission. Following the legislative grant, the plaintiff did file suit against the Wildlife and Fisheries Commission. The Department of Wildlife and Fisheries filed an exception of no cause and no right of action. That case together with the instant case was consolidated for the purpose of trial. The district judge sustained the exception of no cause and no right of action filed by the Wildlife and Fisheries Commission and dismissed plaintiff’s suit as to it.
Since plaintiff has not appealed from the decision of the district judge in the case against the Louisiana Wildlife and Fisheries Commission, that case is not before us for determination.
The facts in this case are that plaintiff and his young son were hunting for deer in the swamps of Concordia Parish on the 23rd day of November, 1954, and that the defendant, with his brother and J. R. Bus-well, was also hunting for deer in the immediate vicinity where plaintiff was hunting. Both plaintiff and defendant had dogs helping in the hunt for the deer. Defendant and plaintiff both spotted the same deer and defendant shot and killed the deer first. Plaintiff then arrived on the scene and vlaimed that one-half of the deer belonged to him. A controversy arose between the parties. Plaintiff deposited his gun on a nearby tree and took out a pocketknife about two inches in length and started to cut a portion of the deer, claiming that he owned one-half of it, and defendant struck plaintiff a severe blow on the head with a portion of his gun.
The evidence in the case is conflicting. The trial judge in a written opinion found that the plaintiff had been cursing and swearing and insisting upon having a share of the deer that defendant had killed. He found that plaintiff had not made any attempt to threaten or harm the defendant who was armed with a shotgun and pistol. The district judge also found that the defendant had used more force than necessary in defending his ownership of the deer.
Without going into a detailed examination of the evidence in this case, this Court is of the opinion that the judgment of the trial court was correct under the facts of this case.
On cross-examination, J. R. Buswell, a close friend and hunting partner of defendant on this occasion, testified that at the time plaintiff used his knife on the deer, the deer was on the ground and away from the defendant in the instant case, which confirms the finding of the trial judge that plaintiff did not commit an overt act against defendant so as to justify the battery in this case. Defendant admitted that he had agreed to give plaintiff a portion of the deer that he had killed, which further supports the trial judge’s finding that plaintiff was merely attempting to take a part of the deer rather than to attack defendant.
In the case of Bethley v. Cochrane, La.App.Orleans, 77 So.2d 228, 232, the court-said :
“While a man may use as much force as is necessary in defense of his property from intrusion, he is generally not justified in inflicting great bodily harm or endangering life, in absence of use of force by intruder.”
In the instant case we agree with the trial judge that defendant used more force than necessary under the circumstances.
For the reasons assigned, the judgment of the district court is affirmed. Defendant is to pay all costs of court in this court and in the district court.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.